PENDLETON, President.
A suit is brought in the General Court, by Edmund Randolph, as Governor and successor to Benjamin Harrison, on a bond entered into by Benjamin Branch, as Sheriff of the county of Chesterfield, with the defendants as his sureties, dated November 5th, 1784, and payable to Mr. Harrison, as Govern- or, and his successors, for the use of the Commonwealth.
The declaration states the bond and condition, which is, that the Sheriff “shall faithfully collect, account for and pay the taxes imposed in his county, by virtue of an act of Assembly entitled, il Jin act for calling in and redeeming certain certificatesand the breach assigned is, that he had not collected, accounted for and paid the taxes imposed in his county, by virtue of that act.
On the plea of conditions performed, and a general replication, the jury find, that Edward Branch, sen. had not performed the condition of the bond, in the declaration mentioned, but had broken the same, as in the declaration is assigned; and they assess the damages to 3,193/. 19s. 7d. *430 For which a judgment is entered; and to that judgment the W1-Jt 0f supersedeas has been awarded. In the record there is an account, in which the securities arc made debtors to the Commonwealth for the amount of the certificate tax of 1785; and, after giving credit for commissions and payments into the treasury, a balance is stated of 3,7771. Is. Od., on which 15 per cent, damages are charged, and 50/. added, without mentioning for what; making together, the before mentioned sum of 3,193/. 19i. Id., the amount of the verdict.
The first objection made to this judgment is, that the bond is payable to the Governor, instead of the Treasurer, to whom the act of Assembly directed the bond to be made payable: This objection, with its consequences, the Court thought it unnecessary to consider; since a more material objection to the bond occurs, and which was the ground for awarding the supersedeas.
The title of the act, referred to in the condition, is, Jin act for calling in and redeeming certain certificates. And the only act wc find with that title, passed in May, 1782, [c. 50, 11 Stat. Larg. 93:] which imposed taxes to be collected in 1783, only; and was not a continuing tax. In May, 1784, [c. 39, 11 Stat. Larg. 417,] an act passed, entitled, Jin act to revive and amend an act, entitled, an act for calling in and redeeming certain certificates, reciting in the preamble, that certificates remained outstanding, and it was necessary to revive and amend that act, but without reference to, or other mention of that act, in the enacting part, the Legislature proceed to impose taxes for the purpose, payable annually on the first day of January', and the Courts are directed to take bonds, yearly, of the Sheriffs, in 10,000/. penalty, payable to the Treasurer, for the use of the Commonwealth;, with condition for the faithful collection, accounting for, and payment of taxes thereby imposed, according to the act for establishing a permanent revenue; subject to the regulations, allowances and penalties of that act, which passed in the year 1783.
It was under the new act that the present bond should have heen taken, for the collection of 1785: But, by mistake, we suppose, it applies to the act of 1783, for the collection of the taxes in 1783; which Branch, the Sheriff, had nothing to do with. The securities, therefore, are not bound for his collection in 1785; and the present suit cannot be supported against them on this bond: But, the *431 remedy of the Commonwealth is against the Sheriff, (or rather his estate, as it seems he is dead,) for the amount of the taxes received. On this ground the judgment is wholly reversed: Which renders a consideration of the other objeetions unnecessary.
On the trial in a new suit, two objections occur, as worthy of consideration. The first is, as the taxes were payable in facilities, and the Sheriffs, by subsequent laws, are allowed to discharge their arrears by such, whether the jury may not properly enquire, if the facilities were at the time, of equal value with specie, and adjust their damages accordingly ? The 2d is, whether they are bound to charge the Sheriff with 15 per cent, given by law, upon motion, or may not, unbound by that law, judge of the. damages which he ought to pay for his default ? However, these points are just hinted for consideration, without, the Court’s meaning to give any influential opinion, either way, upon the subjects.